**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE CARSON,** | : | **CIVIL ACTION NO. 1:26-CV-1897** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF LSCI-ALLENWOOD,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241. Petitioner, Eugene Carson, seeks a writ of habeas corpus compelling the United States Bureau of Prisons to deem him eligible for time credits pursuant to the First Step Act ("FSA"). The petition will be dismissed with prejudice.

## I. Factual Background & Procedural History

Carson is serving a federal criminal sentence for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and using or carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Carson filed this petition on July 7, 2026, noting that the BOP has deemed him ineligible for FSA time credits because prisoners who have been convicted of a Section 924(c)(1)(A)(i) violation are ineligible for FSA time credits under 18 U.S.C. §3632(d)(4)(D)(xxii). (Doc. 1). Carson argues that this decision is improper because his Section 924(c)(1)(A)(i) conviction only deems him ineligible for FSA time credits for the portion of his sentence attributable to that conviction and not with respect to the portion of his sentence attributable to his Section 846 conviction. (Docs. 1-2).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Carson's claim that he is eligible for FSA time credits for the portion of his sentence attributable to his Section 846 conviction is meritless. Under 18 U.S.C. 3584, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). As this court has recently held in other cases, Section 3584(c) controls this question and compels the conclusion that a prisoner serving an aggregated sentence for an enumerated offense under Section 18 U.S.C. 3632(d)(4)(D) and other unenumerated offenses is ineligible for FSA credits for the entirety of his sentence. See Solis-Salazar v. Greene, No. 1:26-CV-377, 2026 WL 1506536, at *1 (M.D. Pa. May 28, 2026) (Neary, J.); Iverson v. Sage, No. 1:24-CV-1594, at *2 (M.D. Pa. Mar. 6, 2025) (Neary, J.) (collecting cases).

Carson raises several arguments to the contrary, none of which persuade the court to reach a different conclusion. He first argues that because Section 3584 recognizes that sentences may be served either consecutively or concurrently "aggregation under § 3584(c) does not dissolve the separate identity of each

sentence or collapse multiple convictions into one; a prisoner may complete one component term and move on to the next." (Doc. 2 at 6-7).

Carson's reading is a reasonable explanation of the difference between consecutive or concurrent sentences under Sections 3584(a) and 3584(b), but this distinction is meaningless under Section 3584(c). Under that subsection, "multiple terms of imprisonment" are treated as a "single, aggregate term of imprisonment" regardless of whether they are "ordered to run consecutively or concurrently." See 18 U.S.C. § 3584(c).

Carson's second argument is that Section 3584(c)'s limiting language "for administrative purposes" narrows the reach of the provision. Carson argues that the language is a "bookkeeping convention—it permits the BOP to compute a single release date, to administer good-conduct time, and to manage classification and custody—and nothing more." (Doc. 2 at 7). Carson argues that under United States v. Wilson, 503 U.S. 329, 335 (1992), "the BOP's administrative duties revolve around the computation of sentences, the calculation and crediting of good-conduct time, determinations of classification and custody, and the other operational tasks delegated to it by the Attorney General or by Congress." (Doc. 2 at 8). Carson argues that determining eligibility is not a power that has been delegated to the BOP by the Attorney General or Congress and is therefore not part of its administrative duties. (Id.)

The court disagrees with this reading of the statute. The court interprets the limiting language "for administrative purposes" as stating that multiple terms of

imprisonment are considered a single sentence for the BOP's purposes in executing the sentence. Wilson is not to the contrary. In that case, the Supreme Court noted in dicta while interpreting a different provision of the United States Code that "the Attorney General, through the BOP, has the responsibility for administering the sentence." Wilson, 503 U.S. at 335. Rather than supporting Carson's reading of Section 3584(c), this dictum supports the reading that "for administrative purposes," refers to the BOP's treatment of a sentence. As Wilson indicates, it is the BOP's job to "administer" a prisoner's sentence. A panel of the Third Circuit has held in an unpublished opinion that calculating a prisoner's sentence—including any applicable FSA credits—is "widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress." Teed v. Warden Allenwood FCI Low, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. 2023) (citing Wilson, 503 U.S. at 333-35).

Carson's third argument is that the plain language of Section 3632 supports his argument. He notes that under Section 3632, a prisoner is rendered ineligible for time credit under the FSA if he is "serving a sentence for a conviction" under the enumerated statutes. (Doc. 2 at 10 (quoting 18 U.S.C. 3632(d)(4)(D)). Carson argues that it is thus the conviction—and not the sentence—that determines whether a petitioner is eligible for FSA time credits. (Id. at 10-12).

The court disagrees. The plain language of Section 3632 indicates that an inmate is ineligible for FSA time credits if he is "*serving a sentence* for a[n] enumerated] conviction." 18 U.S.C. 3632(d)(4)(D). Federal law clearly states that

when an inmate is serving sentences for multiple separate offenses, the sentence must be treated as a "single, aggregate term of imprisonment." 18 U.S.C. 3584(c). As this court has previously recognized in Iverson, the language of these two statutory provisions do not conflict, because the two statutes can be applied without nullifying the language of either: an inmate who is serving consecutive sentences for an offense enumerated in Section 3632 and other unenumerated offenses is "serving a sentence" for the enumerated offense, and his consecutive sentences should be treated as a "single, aggregate term of imprisonment." Iverson, 2025 WL 1089644, at *2.

Carson's fourth argument is that the BOP has exceeded its enumerated powers by determining that he is ineligible for FSA credits because such a decision has not been delegated to the BOP's discretion. (Doc. 2 at 15-17). This is plainly untrue. The BOP has not exercised any discretion; it has simply applied the plain language of 18 U.S.C. § 3632(d)(4)(D) to determine that Carson's Section 924(c)(1)(A)(i) conviction renders him ineligible for FSA time credits and the plain language of Section 3584(c) to determine that this ineligibility extends to his whole sentence. The BOP is not exceeding its authority; it is acting exactly as Congress has required it to.

Carson's fifth and final argument is that the language of Section 3632 should not be understood as treating multiple sentences as a single aggregate sentence because a different statutory provision, 34 U.S.C. § 60541(g)(5)(C), expressly

incorporates an aggregation-of-sentences standard, indicating that Congress knew how to expressly incorporate such a provision and declined to do so in Section 3632.

This argument is essentially an application of the *expresio unius est exclusio alterius* canon of statutory interpretation—in other words, that the inclusion of a statutory term in one statutory section implies that the exclusion of that same term in a different statutory section was intentional. See, e.g., Bittner v. United States, 598 U.S. 85 (2023) ("When Congress includes particular language in one section of a statute but omits it from a neighbor, we normally understand that difference in language to convey a difference in meaning.").

Carson's argument is not persuasive. In 34 U.S.C. § 60541(g), which governs the BOP's implementation and administration of reentry programs for elderly federal prisoners who are serving terms of imprisonment for certain nonviolent crimes, Congress specifically included a provision, Section 60541(g)(5)(C), which specifies that "the term 'term of imprisonment' includes multiple terms of imprisonment ordered to run consecutively or concurrently, which shall be treated as a single, aggregate term of imprisonment for purposes of this section." 34 U.S.C. § 60541. Although such a limitation was included in Section 60541 and not in Section 3632, its absence in the latter should not be construed to indicate that Section 3632 does not treat multiple sentences as a single aggregate sentence.

To begin with, the *expresio unius est exclusio alterius* presumption is weakened when the two statutory provisions at issue "were not joined together or considered simultaneously." United States ex rel. IBEW Local Union No. 98 v.

Fairfield Co., 5 F.4th 315, 332 (3d. Cir. 2021). Here, the relevant language in 34 U.S.C. § 60541 was first passed in the Second Chance Act. See Second Chance Act of 2007, Pub. L. No. 110-199, § 231, 122 Stat. 657, 688-89 (2007). The relevant provision of 18 U.S.C. § 3632 was added to the United States Code as part of the First Step Act of 2018. See First Step Act of 2018, Pub. L. No. 115-391, § 101, 132 Stat. 5194, 5196-5402 (2018). Thus, the laws were drafted by different Congresses at different times, which "undermines any negative inference that Congress's differing word choices in the two subsections signals a different intention." IBEW Local Union No. 98, 5 F.4th at 332.

The interpretive force of the *expresio unius est exclusio alterius* implication also depends on the context of the statute: "the *expressio unius* canon applies only when 'circumstances support a sensible inference that the term left out must have been meant to be excluded.'" NLRB v. SW Gen. Inc., 580 U.S. 288, 302 (2017) (cleaned up) (quoting Chevron U.S.A., Inc. v. Echazabal, 536 U.S. 73, 81 (2002)).

Here the context of the two statutes shows why Congress deemed it necessary to include an explicit sentence-aggregation clause in Section 60541 but not in Section 3632. When the relevant language of Section 60541 was added to the United States Code in 2007, it was creating an entirely new pilot program to be administered by the attorney general. See Second Chance Act § 231. Thus, it was rational for Congress to specify in those circumstances whether multiple criminal sentences were meant to be treated as an aggregate sentence rather than separate sentences. By contrast, when the relevant statutory language of Section 3632 was

added to the code, Congress was legislating in well-worn territory: the BOP's execution of federal criminal sentences. In those circumstances, the drafters likely believed that no explicit sentence-aggregation language was necessary because the BOP already had to apply such a rule to the execution of federal criminal sentences by operation of 18 U.S.C. § 3584(c). Accordingly, the court does not find it justified to make an *expresio unius est exclusion alterius* inference from the language of Sections 60541 and Sections 3632.

## III. Conclusion

Under 18 U.S.C. § 3584(c), the petitioner's criminal sentences for violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(A)(i) must be treated as a single aggregate sentence, which bars him from receiving any FSA time credits towards his under 18 U.S.C. §3632(d)(4)(D)(xxii). The petition for writ of habeas corpus is accordingly dismissed with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: August 3, 2026